UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 2:13-cr-44-DLB-1

UNITED STATES OF AMERICA,                                                  PLAINTIFF,

v.                          **MAGISTRATE JUDGE'S REPORT
                            AND RECOMMENDATION**

LOUIS STEVENSON,                                                          DEFENDANT.

*** *** ***

This matter is before the Court on the Defendant's Motion to Vacate under 28 U.S.C. §

2255. [R. 34]. In his motion, Defendant requests sentencing relief pursuant to the Supreme Court's

decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which invalidated sentencing

enhancements couched under the "residual clause" definition of violent felonies of the Armed

Career Criminal Act (ACCA). [Id.]. However, the record reflects that Defendant was designated a

"career offender" under the United States Sentencing Guidelines solely for prior drug offenses,

not for violent felonies. He therefore is not entitled to Johnson relief. Thus, after an initial review,

the undersigned recommends that Defendant's motion to vacate be denied pursuant to Rules

Governing Section 2255 Proceedings 4(b).

LAW & ANALYSIS

On December 3, 2013, Defendant pled guilty pursuant to a written plea agreement to one

count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841. [R. 21]. The

Court sentenced him to 192 months imprisonment followed by six years of supervised release.

[R. 32]. His sentence was enhanced because, due to his prior drug-related felony convictions, he

was adjudged to be a "career offender" pursuant to § 4B1.1 of the Sentencing Guidelines. Now,

1

following the <u>Johnson</u> decision and its progeny, Defendant argues that he is no longer a "career

offender." [R. 34].

In <u>Johnson</u>, which was issued in June 2015, the Supreme Court ruled on direct review

that the "residual clause" of the Armed Career Criminal Act was void for vagueness. <u>Johnson</u>,

135 S. Ct. at 2551. Generally speaking, the ACCA provides a statutory basis for enhancing a

defendant's sentence when the defendant is convicted of being a felon in possession of a firearm

and is an "armed career criminal," i.e. he or she has committed at least three prior serious drug

offenses or violent felonies. The portion of the ACCA under the Supreme Court's review defines

"violent felony" as "any crime punishable by imprisonment for a term exceeding one year [. . .]

that— (i) has as an element the use, attempted use, or threatened use of physical force against the

person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise*

*involves conduct that presents a serious potential risk of physical injury to another*[.]" 18 U.S.C.

§ 924(e)(2)(B) (emphasis added). That last italicized portion is the "residual clause," and only

that part was invalidated by the Court. <u>Johnson</u>, 135 S. Ct. at 2563.

A similar "career"-type sentencing enhancement, the United States Sentencing

Guidelines § 4B1.1, contains a residual clause identical to the one just invalidated by the Supreme

Court. The Sentencing Guidelines section at issue states that a defendant is a "career offender" if:

> (1) The defendant was at least eighteen years old at the time the defendant committed
> the instant offense of conviction;
> (2) The instant offense of conviction is a felony that is either a crime of violence or
> a controlled substance offense; and
> (3) *The defendant has at least two prior felony convictions of either a crime of*
> *violence or a controlled substance offense*.

U.S.S.G. § 4B1.1(a) (emphasis added). For purposes of this section, the term "controlled substance

offense" means a drug offense (such as possession, distribution, or manufacture) under federal or

state law that is punishable for a term exceeding one year. <u>Id.</u> § 4B1.2. The term "crime of violence"

means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" Id. (emphasis added). Because of the groundwork laid by Johnson, this residual clause, which is identical to the residual clause of the ACCA, has been struck down by the Sixth Circuit. See United States v. Pawlak, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016). Critically, the voiding of these residual clauses may be asserted as the basis for relief on collateral review, such as in a motion to vacate under § 2255. See United States v. Welch, 136 S. Ct. 1257 (2016).

However, following these cases, defendants seeking relief on collateral review often fail to appreciate Johnson's true holding and, consequently, mistakenly believe they are entitled to some form of sentencing relief. As such, the district courts have received a number of Johnson-related filings that misunderstand the case's application to their own, rendering these motions meritless.

Here, that is the case. Despite the fact that his brief focuses on explaining Johnson and the case's effect on "crimes of violence," the case is inapplicable to Defendant's sentence. In reviewing his background, Defendant's Presentence Investigation Report (PSR) clearly shows that he was enhanced as a "career offender" for two drug felonies: a 1993 Ohio conviction for trafficking in a controlled substance and a 1998 Ohio conviction for conspiring to distribute a controlled substance. [See PSR at ¶19]. That is, Defendant's sentence was indeed enhanced, but under the Sentencing Guidelines (not the ACCA), and the enhancement was based on his prior drug offenses (not violent crimes). [Id.].

To be exceedingly clear, Defendant's enhancement, due to it being based only on drug offenses, was not based on any portion of the Sentencing Guidelines that may have been affected

by Johnson and its progeny. See Pawlak, 2016 WL 2802723, at *8. When both prior convictions used to enhance a Defendant's sentence under the Sentencing Guidelines are "controlled substance offenses," then Johnson cannot possibly provide relief because that case *only* invalidated one of the ways in which the judicial system defined prior violent crimes for purposes of calculating whether an enhancement was warranted. See Johnson, 135 S. Ct. at 2563.

With Johnson inapplicable to his case, Defendant's sentence remains properly enhanced under still-valid law. The career offender enhancement in the Sentencing Guidelines applicable to Defendant's case requires "at least two prior felony convictions of *either* a crime of violence *or* a controlled substance offense." See § 4B1.1 (emphasis added). Both of Defendant's Ohio convictions count as qualifying "controlled substance offense[s]" because they are punishable by a term of imprisonment exceeding a year and involve the "manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." See U.S.S.G. § 4B1.2(b) & Application Note 1 (incorporating inchoate offenses like "conspiring" into the definition). They were not crimes of violence and consequently were not defined by the now-defunct residual clause. Thus, Defendant's sentencing enhancement remains proper because, again, only two prior qualifying convictions for controlled substance offenses are necessary to be properly categorized as a career offender under § 4B1.1 of the Sentencing Guidelines. See id. at § 4B1.1.

In sum, because he is categorized as a career offender based on *solely* prior drug felony convictions, the Johnson decision—which *only* invalidated the residual clause definition of crimes of violence—has no applicability to Defendant. See Johnson, 135 S. Ct. at 2551. Put another way, with the 1993 and 1998 Ohio convictions, Defendant remains properly qualified as a career

4

offender because the <u>Johnson</u> decision does not affect those convictions in any way. Because he still properly qualifies as a career offender, Defendant's request for <u>Johnson</u> relief is wholly meritless. Therefore, the undersigned recommends that Defendant's motion to vacate be denied pursuant to Rules Governing Section 2255 Proceedings 4(b).

CONCLUSION

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Vacate under § 2255, [R. 34], should be **DENIED**.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed July 26, 2016.



Signed By:
<u>Edward B. Atkins</u> *EBA*
United States Magistrate Judge

5