## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## AT COVINGTON

**CRIMINAL ACTION NO. 13-44-DLB-EBA**
**CIVIL ACTION NO. 16-105-DLB-EBA**

**UNITED STATES OF AMERICA**                                      **PLAINTIFF**


**V.**            **ORDER ADOPTING REPORT AND RECOMMENDATION**


**LOUIS STEVENSON**                                               **DEFENDANT**

**                    * *    * *   * *   * *   * *   * *   * *   * ***

Proceeding *pro se*, Defendant Louis Stevenson filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 34).[1]  In his Motion, Stevenson challenges his sentence pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), and argues that he was denied effective assistance of counsel.[2]  Pursuant to the Court's local practice, the Motion was referred to a Magistrate Judge for the preparation of a Report and Recommendation ("R&R").

This matter is presently before the Court on Magistrate Judge Edward B. Atkins's R&R (Doc. # 36), wherein he recommends that the Court deny Stevenson's Motion to

---

1    As Stevenson is proceeding *pro se*, the Court acknowledges its duty to review his filings under a lenient standard, liberally construing his pleadings. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985).

2    Stevenson has also filed a Motion to Supplement Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. # 44), in which he argues he received ineffective assistance of counsel. Although the Court has discretion to deny Defendant leave to add any of these grounds, the Court will briefly consider Stevenson's ineffective assistance arguments out of an abundance of caution.. *See generally Oleson v. United States*, 27 F. App'x 566, 569–71 (6th Cir. 2001) (discussing the interests-of-justice approach to deciding amendments to § 2255 motions).

Vacate.  Stevenson having filed Objections to the R&R (Doc. # 39), the United States having filed a Response to the Objections (Doc. # 40), and Stevenson having filed a Reply (Doc. # 43), the Motion is now ripe for the Court's review.  Upon review, all of Stevenson's Objections lack merit.  Accordingly, the R&R will be adopted as the Court's Opinion and Stevenson's § 2255 Motion will be **denied**.

## I.       FACTUAL AND PROCEDURAL BACKGROUND

On December 3, 2013, Stevenson pled guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841.  (Doc. # 21).  On April 8, 2014, he was sentenced to 192 months imprisonment, followed by a six-year term of supervised release. (Doc. # 32).  Stevenson's sentenced was enhanced because the Court determined that he was a "career offender" under United States Sentencing Guideline § 4B1.1.  Although Stevenson did not object to his designation as a "career offender" (Docs. # 29 and 30), he has now filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 34).

## II.      ANALYSIS

### A.       Legal Standard

A court may grant relief under 28 U.S.C. § 2255 if the defendant establishes that: (i) the sentencing court imposed his sentence in violation of the Constitution or laws of the United States; (ii) the court lacked jurisdiction to impose the sentence; (iii) the sentence imposed exceeded the maximum authorized by law; or (iv) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

In his Motion, Stevenson relies primarily on *Johnson*, and contends that his prior convictions do not warrant the "career offender" enhancement under the United States

Sentencing Guidelines.  (Doc. # 34).  In addition, Stevenson claims that he received ineffective assistance of counsel during his sentencing.  (Doc. # 44).  The Court will consider each of these arguments in turn.[3]

### B.    "Career Offender" Designation

Under United States Sentencing Guideline § 4B1.1, a criminal defendant classified as a "career offender" is subject to an enhanced advisory sentencing guideline range. There are three requirements for determining whether a defendant is a "career offender": "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).  When Stevenson was sentenced, the Sentencing Guidelines' "crime of violence" and the Armed Career Criminal Act's "violent felony" were defined similarly, as any offense "punishable by imprisonment for a term exceeding one year ... that ... has as an element the use, attempted, use, or threatened use of physical force against the person of another; or ... is murder, voluntary manslaughter, kidnaping, aggravated assault, a forcible sex offense, robbery, burglary of a dwelling, arson, or extortion ... *or otherwise involves conduct that presents a serious potential risk of physical injury to another* ..."  " U.S.S.G. § 4B1.1(a) (emphasis added).  The italicized portion is commonly referred to as

---

3    Although the parties debate the validity of Stevenson's waiver of rights and the knowing and voluntary nature of his plea in the United States' Response to Objections (Doc/ # 40) and the Defendant's Reply (Doc. # 43), the Court will sidestep that issue for now.  While the record demonstrates a knowing and voluntary waiver of Stevenson's rights, his claims fail on the merits, and will be adjudicated accordingly.

the "residual clause."

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act violated due process because it was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557. The Sixth Circuit extended *Johnson*'s holding in *Pawlak*, invalidating the identical residual clause in the Sentencing Guidelines. *Pawlak*, 822 F.3d at 911. Therefore, "crimes of violence" under the residual clause are no longer qualifying convictions for guideline purposes. *Id*.

Here, a review of the facts reveals that Stevenson was correctly found to be a "career offender" under the Sentencing Guidelines. Stevenson was not sentenced under the residual clause in U.S.S.G. § 4B1.2(a)(2). Rather, Stevenson had two prior qualifying convictions for controlled substance offenses – a 1993 Ohio conviction for trafficking in a controlled substance (which carried a sentence of 2-5 years imprisonment) and a 1998 federal conviction for conspiring to distribute a controlled substance (for which he was sentenced to 180 months imprisonment). (PSR, ¶ 19; ¶ 39; ¶ 41).[4] A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a

---

4   Both convictions were properly counted pursuant to U.S.S.G. § 4A1.2(e)(1). That section, entitled **Applicable Time Period**, states that [a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

The PSR reflects that Stevenson was paroled from the state of Ohio on his 1993 case on November 24, 1997, and released on federal supervised release on his 1998 case on March 28, 2011. The offense of conviction occurred on October 1, 2011. Therefore, both dates fall within the 15 year window of § 4A1.2(e)(1).

controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."   U.S.S.G. § 4B1.2(b).   Because Stevenson's 1993 and 1998 convictions are for trafficking in a controlled substance and conspiring to distribute a controlled substance, and were punishable by imprisonment for a term exceeding one year, they were properly determined to be qualifying prior convictions under the Sentencing Guideline's "career offender" enhancement.   Therefore, because Stevenson was not sentenced under the residual clause, neither *Johnson* nor *Pawlak* provide him any sentencing relief.

In his Objections, Stevenson continues to claim *Johnson* applies to his case and attempts to rely on *Mathis v. United States*, 135 S.Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), claiming that his 1993 conviction does not "qualify as a controlled substance offense."  (Doc. # 39 at 6; Doc. # 43 at 9-11).  Construed liberally, Stevenson appears to argue that Ohio law sets forth different means of committing the offense of heroin trafficking and not elements of different "divisible" crimes under *Mathis*. *Id.*

However, *Mathis* does not support Stevenson's position.  Instead, *Mathis* sharpened the Supreme Court's analysis of what constitutes a prior violent felony under the Armed Career Criminal Act.  Stevenson was sentenced under the "career offender" portion of the Sentencing Guidelines, not the Armed Career Criminal Act.  While the Guidelines' definition of a prior "crime of violence" parallels the definition of "violent felony" under the Armed Career Criminal Act, the definitions of "controlled substance offense" are distinct. Therefore, determining whether a prior conviction for a controlled substance offense is a qualifying predicate offense under Sentencing Guideline § 4B1.2(b) does not require

comparing the elements of the offense with any "generic" controlled substance offense. Likewise, Stevenson's reliance on *Unitea States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) is similarly misplaced. In addition to not constituting binding precedent on this Court, *Hinkle* considers whether "delivering" a controlled substance under a particular Texas statute is a prior qualifying conviction under the Guidelines. Because Stevenson's convictions are for trafficking in a controlled substance and conspiring to distribute a controlled substance, *Hinkle* is not instructive. Accordingly, Stevenson's Objections (Docs. # 9 and 43) are **overruled** and his arguments concerning his "career offender" designation are without merit.

### C.    Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Stevenson must satisfy two essential elements. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that his attorney's performance was deficient. *Id.* "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must demonstrate that "the deficient performance prejudiced the defense." *Id.* "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id.* "Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* For this reason, the Sixth Circuit has held that a court need not address both prongs if a defendant fails to make a sufficient showing on either prong. *See United States v. DeGroat*, 102 F. App'x 956, 959 (6th Cir. 2004).

First, Stevenson's claims of ineffective assistance of counsel in his "Motion to Supplement" are vague, conclusory, and lacks any evidentiary support. *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (finding that a conclusory statement is insufficient to raise the issue of ineffective assistance of counsel); *see also Robinson v. United States*, 582 F. Supp. 2d 919, 926 (N.D. Ohio 2008) (citing with approval several cases holding that vague and conclusory assertions in a section 2255 motion are insufficient to warrant relief).

More importantly, Stevenson cannot satisfy the burden on the second element - he has not demonstrated any prejudice as a result of his counsel's performance. Stevenson advances very little in the way of argument, beyond bare allegations that defense counsel "coerce[d] Petitioner into a plea agreement," "failed to adequately investigate this case," "refused to allow Petitioner to assist in his own defense," "lied to Petitioner in regard to his probation violation sentence" and whether it would run concurrently, and "told Petitioner that if he did not accept ... the Plea Agreement, the Government ... would bring in a witness" to testify against him. (Doc. # 44-1 at 1-2). None of these conclusory claims are sufficient to raise the issue of ineffective assistance of counsel. *See Elzy*, 205 F.3d at 886.

Furthermore, Stevenson's counsel cannot be found to be ineffective for failing to object to his status as a "career offender," as Stevenson suggests. *Id.* Stevenson's arguments regarding his "career offender" classification are meritless; therefore, he cannot show any prejudice from his counsel's performance. *United States v. Martin*, 45 F. App'x 378, 381-82 (6th Cir. 2002) ("Failure of trial counsel to raise wholly meritless claims cannot be ineffective assistance of counsel.") Therefore, Stevenson's claims regarding his status as a "career offender" and the alleged ineffective assistance of counsel fail, and his Motion to Vacate is **denied**.

### D.  Abeyance

In the alternative, Stevenson asks the Court to "hold in abeyance" his § 2255 proceeding in light of the Supreme Court's anticipated ruling in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *certiorari granted by Beckles v. United States*, 136 S.Ct. 2510 (2016).  The Court declines Stevenson's request to hold his case in abeyance.  In *Beckles*, the United States Supreme Court will be considering whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in the Sentencing Guidelines and whether *Johnson*'s constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under the Guidelines cognizable on collateral review.  Any favorable decision Stevenson may attain after the Supreme Court's decision in *Beckles* already exists in the Sixth Circuit.[5]  In *Pawlak*, the Sixth Circuit extended *Johnson*'s holding to the residual clause of the career offender enhancement in the Sentencing Guidelines.  *See Pawlak*, 822 F.3d 902 (6th Cir. 2016).

### E.  Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted); 28 U.S.C. § 2253(c)(2).  When the denial of a § 2255 motion is based on the merits, the defendant must demonstrate that 'reasonable jurists would find the district court's assessment of the constitutional claims

---

5    "Since *Johnson*, only one circuit has affirmatively held that the Guidelines are not affected. The Eleventh Circuit in *United States v. Matchett* declined to invalidate § 4B1.2(a)(2) because, in its view, the Guidelines are not susceptible to vagueness challenges." *Pawlak* 822 F.3d at 908 (citing *Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015).

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Stevenson has not

met this burden.  Therefore, the Court agrees with the Magistrate Judge's recommendation

that no certificate of appealabilty shall issue.

## III.   CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)     The Report and Recommendation of the United States Magistrate Judge

(Doc. # 36) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2)     Defendant's Objections (Docs. # 39 and 43) are hereby **OVERRULED** as set

forth herein;

(3)     Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to

28 U.S.C. § 2255 (Doc. # 34), is hereby **DENIED**;

(4)     Defendant's Motion to Supplement (Doc. # 44) is hereby **GRANTED**.  So

supplemented, Defendant's ineffective assistance of counsel claims are **DENIED** as set

forth herein;

(5)     This matter is hereby **DISMISSED** and **STRICKEN** from the Court's active

docket; and

(6)     For the reasons set forth herein and in the Magistrate Judge's Report and

Recommendation (Doc. # 36), the Court determines there would be no arguable merit for

an appeal in this matter and, therefore, no certificate of appealability shall issue.

This 23rd day of January, 2017.



Signed By:

_David L. Bunning_

United States District Judge

K:\DATA\ORDERS\Covington Criminal\2013\13-44 Order Adopting R&R re 2255.wpd